[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These parties agreed and the court ordered on August 3, 1992 that a "binding appraisal of fair market value" of their former family home was to be made by an appraiser selected by their respective appraisers if the latters' appraisals of the property were more than 10% different. The purpose of determining the fair market value was to permit the plaintiff to purchase the home at that amount or, if she was unable or unwilling to do so, to establish an amount at which the property could be listed for sale. CT Page 11283
The parties' appraisers arrived at values more than 10% different, but the third appraiser was not selected until the court (Harrigan, J.) ordered on September 23, 1994 that that step be taken promptly. A further court order (Dranginis, J.) was needed on March 28, 1995 to obtain an independent estimate of the repairs needed at the former family home because the third appraiser's opinion as to its fair market value was dependent on a previous estimate, and some question had been raised about the accuracy of that estimate.
The court-ordered estimate having been made, and the appraiser having revised his appraisal of fair market value upward based on that estimate, the defendant has now moved for an order that either the plaintiff purchase the defendant's interest in the home at that amount or that the property be listed for sale.
The court's order of March 28, 1995, that a second estimate of repairs be made by a contractor named by the court, demonstrates that the previous appraisal of $90,000 was not considered by that court to be the "binding appraisal" called for in the earlier order of August 3, 1992. The order of March 28, 1995 was entered after both parties had stated in a motion for order (#154) and an objection to that motion (#155) their positions on the need for a second repair estimate.
Thus, this court concludes that the revised appraisal of the fair market value of the property at $125,000 is the "binding appraisal" contemplated by the parties' agreement and the court's order of August 3, 1992. To allow further litigation over the accuracy of the two repair estimates, as requested by the plaintiff, would frustrate the purpose of the parties' agreement and the court's order that the issue of fair market value be resolved by an independent appraiser.
Accordingly, the defendant's motion for order (#156) is granted, and the plaintiff is ordered to purchase the defendant's interest in the property according to the terms of the August 3, 1992 court order by December 31, 1995. If the plaintiff decides before that date not to purchase the defendant's interest at that figure, she shall immediately notify him, and the property shall be listed for sale within ten days thereafter at $125,000 through a broker agreed upon by the parties and through a multiple listing service. If the parties cannot agree upon a broker, they may return to court for a CT Page 11284 designation. If the plaintiff has not consummated the purchase by December 31, 1995, the property shall be listed for sale by January 10, 1996 upon the same terms and conditions.
SHORTALL, J.